UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| ELLEN R. DUNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:09-CV-01369 |
| | ) | |
| v. | ) | |
| | ) | |
| CECIL HUANG, M.D. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LOUDOUN ANESTHESIA ASSOCIATES, | ) | |
| L.L.C., d/b/a Loudoun Interventional Pain | ) | |
| Center, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
## DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

The plaintiff, Ellen R. Dunston ("Ms. Dunston") by counsel, files this Memorandum in Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss.

## STATEMENT OF THE CASE

The plaintiff filed her Complaint in state court against the defendants on March 19, 2008. She asserted a cause of action for medical malpractice. Among other things, Ms. Dunston alleged that:

1) she sought treatment from the defendants after she developed shingles;

2) defendant Cecil Huang, M.D. ("Dr. Huang") decided to administer an injection to Ms. Dunston for pain management; and

3) Dr. Huang performed a "thoracic paravertebral nerve root injection, right T6, under fluoroscopic guidance" on June 1, 2006.

11390/1/3223647v1

(Docket Item No. 6-3, ¶¶ 4-6.)  The plaintiff further alleged that the defendants were negligent and deviated from the required standard of care involving their care and treatment of her in <u>at least</u> the following respects:

    a)  They failed to appropriately and adequately monitor her condition and

    b)  They failed to provide her the appropriate treatment and care for her condition.

(<u>Id</u>. at ¶ 12.)  The plaintiff's Amended Complaint followed, which alleged the same factual allegations.  (Docket Item No. 6-5, ¶¶ 4-5.)  The plaintiff also continued to allege that the defendants failed to take the appropriate precautions before administering the epidural.  (<u>Id</u>. at ¶ 12(b).)

The plaintiff moved to nonsuit her action under Va. Code § 8.01-380.  The state court granted her motion by Order dated June 30, 2009. (Docket Item No. 6-4.)  The plaintiff then timely filed her Complaint with this Court on December 14, 2009.  (Docket Item No. 6-2.)

In response to this Complaint, the defendants filed their Motion to Dismiss.  (Docket Item No. 6.)  The parties agree that the plaintiff timely refiled her nonsuited action.  The defendants contend, however, that the plaintiff's claims regarding lack of informed consent and performance of an inappropriate procedure are time-barred.

## ARGUMENT AND AUTHORITIES

**I.**    <u>**The applicable standard of review requires this Court to view the Complaint in the light most favorable to Ms. Dunston.**</u>

Federal Rule of Civil Procedure 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a) does not require "detailed factual allegations."  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  Under a Rule 12(b)(6) Motion to Dismiss, which challenges the sufficiency of the pleadings, this Court must accept all well-pleaded allegations in

the Complaint as true. <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322, 127 S.Ct. 2499, 2509 (2007) (citations omitted). Under this standard, as set out more fully below, Ms. Dunston has properly pleaded her action.

## II.   <u>The plaintiff met the pleading requirements of state and federal law for a medical malpractice action.</u>

This is a medical malpractice action.  It has been a medical malpractice action since its inception in the state court on March 19, 2008.  Malpractice is defined under the Virginia Medical Malpractice Act as "any tort action or breach of contract action for personal injuries or wrongful death, based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient." Va. Code Ann. § 8.01-581.1 (2009). Each allegation the plaintiff has made relates to the medical malpractice of the defendants on June 1, 2006. She has not plead any new cause of action.

The defendants must recognize that the plaintiff's action has always been one for medical malpractice. Yet, they are now attempting to impose a heightened pleading standard upon her. This is improper.

For pleadings generally in Virginia, specifics need not be plead. <u>See</u> Va. Sup. Ct. R. 3:2 ("It shall be sufficient for the complaint to ask for the specific relief sought."); <u>see also</u> Va. Code Ann. § 8.01-275 (2009) ("No action ... shall abate for want of form where the [Complaint] sets forth sufficient matter of substance for the court to proceed upon the merits of the case."). For negligence specifically, Rule 3:18 of the Rules of the Supreme Court of Virginia states that "an allegation of negligence ... is sufficient without specifying the particulars of the negligence."

Similarly, Ms. Dunston has met her burden under the federal pleading rules. As stated above, Federal Rule of Civil Procedure 8(a) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2). Detailed factual allegations are not required. Bell Atlantic, 550 U.S. at 555, 127 S. Ct. at 1964-65; see also Vaughan v. First Liberty Ins. Corp., 2009 U.S. Dist. LEXIS 108045, *6-7 (E.D. Va. Nov. 13, 2009).

The plaintiff has sufficiently alleged each element of negligence – duty, breach, causation, and damages – throughout, including in her state court Complaint, in her Amended Complaint, and now in her Complaint before this Court.[1]

Although she was not required to do so, the plaintiff also chose to provide some particulars of the negligence she alleged, particulars that were not exhaustive.[2] The defendants improperly seek to turn those particulars into the exclusive list of deviations from the standard of care for which the plaintiff can recover for the defendants' negligence. This result contradicts the plain language of the pleading requirements. Indeed, if the plaintiff was required to provide an exhaustive list of every basis of malpractice in her Complaint, then discovery on those very issues would be futile, the later designation of expert opinions would be superfluous, and Va. Code § 8.01-20.1 (which prevents discovery of the nature of the plaintiff's certifying expert's opinions) would have no effect. This cannot be so.

## III.    The plaintiff's current allegations arise from the same set of operative facts.

In addition to having properly plead her actions, the plaintiff has timely done so. Va. Code § 8.01-380 allows a plaintiff in state court to take one nonsuit as a matter of right on any "cause of action." Va. Code Ann. § 8.01-380 (2009). Va. Code § 8.01-229(E)(3) then operates to toll the statute of limitations on that action for six months thereafter.[3]

---

[1] See Docket Item No. 6-3, ¶¶ 11-14; Docket Item No. 6-5, ¶¶ 11-14; Docket Item No. 6-2, ¶¶ 30-35.
[2] See Docket Item No. 6-3, ¶¶ 12; Docket Item No. 6-5, ¶¶ 12; Docket Item No. 6-2, ¶¶ 31.
[3] Tolling statutes are "highly remedial," "should be liberally construed in furtherance of their purposes, and are not to be frittered away by narrow construction." Vaughan, 2009 U.S. Dist. LEXIS 108045 at *16 (quoting Baker v. Zirkle, 226 Va. 7, 13, 307 S.E.2d 234, 237 (1983) (citations omitted)). The basic purpose of the tolling statute is to save the right of action for plaintiffs who, without fault, have been unable to obtain an adjudication on the merits.

11390/1/3223647v1

A "cause of action" is "a set of operative facts which, under the substantive law, may give rise to one or more rights of action." Hatfill v. N.Y. Times Co., 416 F.3d 320, 2005 U.S. App. LEXIS 15471, *1 (4th Cir. 2005) (quoting Roller v. Basic Constr. Co., 238 Va. 321, 384 S.E.2d 323, 326 (1989)). "A right of action is a remedial right to enforce a cause of action." Id. at 335, 2005 U.S. App. LEXIS 15471 at *33 (quoting Stone v. Ethan Allen, Inc., 232 Va. 365, 350 S.E.2d 629 (1986). Va. Code § 8.01-229 saves "all rights of action arising from [a nonsuited] cause of action." Id. One right of action is the lawsuit filed after a plaintiff suffers a nonsuit, even when the plaintiff alleges additional, different facts. Id. at 335, 2005 U.S. App. LEXIS 15471 at *34.

When Ms. Dunston nonsuited her case in state court under Va. Code § 8.01-380, she did so as to the set of operative facts underlying her Complaint for medical malpractice, namely the care and treatment provided to her on June 1, 2006 by the defendants. She filed her action in this Court based upon the same set of operative facts.

The defendants have baldly asserted that the plaintiff's allegations of failure to properly obtain informed consent and failure to perform the proper and appropriate procedure for Ms. Dunston do not arise from the same set of operative facts as her negligence claim. To the contrary, they consist of an identical set of operative facts, namely those related to the defendants care and treatment of Ms. Dunston. The facts include, but are not limited to, the following:

1) Ms. Dunston had shingles and its associated pain;

2) she sought treatment from the defendants;

3) Ms. Dunston and the defendants entered into a health care provider-patient relationship;

---

Id. at *16 (quoting Atkins v. Schmutz Manufacturing Co., 435 F.2d 527, 530 (4th Cir. 1970)). Certainly, Ms. Dunston bears no fault for her inability to obtain an adjudication of her case.

11390/1/3223647v1

4) on June 1, 2006, Dr. Huang provided care and treatment to Ms. Dunston;

5) the care and treatment rendered to Ms. Dunston by Dr. Huang on June 1, 2006 necessarily included the process of meeting her, assessing her, evaluating her, considering treatment options for her, consenting her to the chosen treatment, preparing Ms. Dunston and himself for the chosen treatment, and performing the chosen treatment;

6) on June 1, 2006, Dr. Huang decided to perform a specific procedure on Ms. Dunston;

7) on June 1, 2006, Dr. Huang did perform that chosen procedure on her; and

8) immediately thereafter, Ms. Dunston suffered complications from that procedure.

Indeed, the discovery completed in the state court action covered all these facts, including the issues of informed consent and the type of procedure decided upon by Dr. Huang. And while Ms. Dunston alleged a few additional facts in the current action, those facts arise from the same set of operative facts as her original action – one for medical malpractice that was committed upon her by the defendants on June 1, 2006. Two cases illustrate this point especially well.

### i.  Hatfill v. N.Y. Times Co.

In Hatfill, the plaintiff filed and later nonsuited a defamation suit in state court. He refiled his suit in federal court and added allegations about defamatory publications that he did not specifically identify in the initial suit. The district court ruled that the plaintiff's additional allegations were time-barred. The Fourth Circuit reversed. The Court held that the tolling provision of Va. Code § 8.01-229 "saved all rights of action arising from that cause of action," including his additional, previously unplead allegations. Hatfill, 416 F.3d at 335, 2005 U.S. App. LEXIS 15471 at *35 (citations omitted). The new allegations were based upon the same set of operative facts, allegedly defamatory publications. Id. Similarly, Ms. Dunston's current action is based upon the same set of operative facts as her previous state action, medical malpractice that occurred on June 1, 2006.

6

### ii.  Vaughan v. First Liberty Ins. Corp.

The Eastern District of Virginia considered this issue only a few months ago in Vaughan v. First Liberty Ins. Corp.  In Vaughan, the plaintiff's home suffered a fire and she submitted property loss claims to her insurance company.  2009 U.S. Dist. LEXIS 108045, *1-2.  After unsuccessful attempts to resolve the claims, she petitioned the state court to appoint an umpire to resolve the dispute between the parties' appraisers.  She later nonsuited that petition.  She then filed an action in state court within six months of the nonsuit alleging breach of contract, which was later amended to include an action for declaratory relief.  The case was removed to federal court.  The defendant filed a Motion to Dismiss alleging the plaintiff's claims were time-barred. Id.

The Court cited heavily and approvingly from Hatfill and agreed with the plaintiff that her umpire proceeding was but "one right of action stemming from a greater cause of action, that of recovering under the policy." Id. at *14.  All her allegations, the Court reasoned, arose out of the same set of operative facts as the umpire proceeding.  In addition, it made no difference that the remedies available for the two actions were different. Id.  "The endgame is the same[;]" the plaintiff was seeking money under her insurance policy for property damage and loss. Id. at *15. Similarly, the endgame is the same for Ms. Dunston; she is seeking recovery for her injuries and damages as a result of the defendants' medical malpractice.

## IV.    The law upon which the defendants have relied is largely inapposite to this case.

The defendants have overextended the law to which they point for support of their position.  And much of the law they cite does not stand on all fours with this case.

> **i.  Before requesting her nonsuit, the plaintiff had no claim or cause of action dismissed with prejudice or submitted to a trier of fact for decision.**

7

The defendants cite <u>Dalloul v. Agbey</u>, 255 Va. 511, 499 S.E.2d 279 (1998) for the proposition that a nonsuit applies only to the counts or claims remaining in a case at the time the nonsuit request is made. While this selected citation is technically correct, the defendants did not provide its context.

The context is that in <u>Dalloul</u>, the trial court had dismissed several of the plaintiff's counts with prejudice before the plaintiff sought a nonsuit. Yet, the trial court entered a general nonsuit order. The Supreme Court of Virginia reversed and remanded the case to the circuit court for entry of an order of nonsuit limited to the remaining claims (not to include any that were previously dismissed with prejudice.) <u>Id</u>. <u>Ford Motor Co. v. Jones</u>, 266 Va. 404, 587 S.E.2d 579 (2003) discussed the Virginia nonsuit statute in a similar context.

Here, however, the state court never dismissed any of Ms. Dunston's claims or counts with prejudice before she requested a nonsuit. Accordingly, she was free to pursue her rights of action based upon the nonsuited cause of action. The holdings of <u>Dalloul</u> and <u>Ford Motor Co.</u> are of no consequence for her in this Motion.

### ii. <u>Wright v. Kaye</u> is distinguishable because Ms. Dunston has raised informed consent as an issue.

In <u>Wright v. Kaye</u>, 267 Va. 510, 593 S.E.2d 307 (2004), the plaintiff never raised an informed consent claim, in the pleadings or otherwise. Yet, the defendant sought to testify to his discussion with the patient about the risks of surgery during the informed consent process. The trial court allowed such testimony. The Supreme Court of Virginia reversed, holding that "evidence of information conveyed to [the plaintiff] concerning the risks of surgery in obtaining her consent is neither relevant nor material to the issue of the standard of care." <u>Id</u>. at 529, 593 S.E.2d 317. In such a case, the Court held, where lack of informed consent is not an issue, such evidence would only confuse the jury. <u>Id</u>.

8

In stark contrast, here Ms. Dunston has raised informed consent as an issue – both in her pleadings and otherwise.

### iii.   The ruling in Odeneal favors the plaintiff.

The defendants cite Odeneal v. Thompson, 63 Va. Cir. 71 (Fairfax, Aug. 6, 2003), for the test to determine whether claims are part of a single cause of action, namely "whether the same evidence is necessary to prove each claim."[4] Id. at 73.

In Odeneal, the plaintiff initially filed her lawsuit alleging one count of professional negligence, specifically legal malpractice related to a Property Settlement Agreement into which she entered on her attorneys' advice. The plaintiff nonsuited that case. She then filed another lawsuit within six months thereafter alleging both legal malpractice and breach of contract. Her breach of contract claim was based on additional facts she did not plead in the original action. The defendants filed a Plea in Bar, arguing the plaintiff's breach of contract claim was time-barred. Specifically, the defendants argued that because the plaintiff added a breach of contract claim, her action was not the exact same action as the original. Id.

The Court reasoned that both counts arose out of the same cause of action and her breach of contract claim was not time-barred. Id. at 73. For the same reasons, Ms. Dunston's allegations are not time-barred. As identified above, all of the plaintiff's claims of medical malpractice will require the same evidence, including the witnesses (fact and expert) and medical records.

The Odeneal court made one final compelling argument that is equally applicable here: "To require a plaintiff to institute the exact same action and then move to amend to add another

---

[4] This test was based upon the Court's reliance upon Davis v. Marshall Homes, 265 Va. 159, 171, 576 S.E.2d 504, 510 (2003). The Davis case occurred in the context of a *res judicata* dispute. In 2006, Supreme Court of Virginia Rule 1:6 was enacted specifically to supersede the holding in Davis. See Va. Imports, Ltd. v. Kirin Brewery of America, LLC, 50 Va. App. 395, 410 n.6, 650 S.E.2d 554, 561, n.6 (2007).

11390/1/3223647v1

right of action arising out of the same cause of action would be duplicative and burdensome."

Id. at 73.

## CONCLUSION

For all the foregoing reasons, the plaintiff respectfully requests that this Court deny the

Defendants' Motion to Dismiss in its entirety.

ELLEN R. DUNSTON


By: _____/s/ Lauren E. Davis_____
Of Counsel




S.D. Roberts Moore (VSB No. 3456)
Lauren E. Davis (VSB No. 74066)
GENTRY LOCKE RAKES & MOORE, LLP
800 SunTrust Plaza
P. O. Box 40013
Roanoke, VA  24022-0013
(540) 983-9300
Fax:  (540) 983-9400
e-mail: roberts_moore@gentrylocke.com
        lauren_davis@gentrylocke.com

C. James Williams, III (VSB No. 27612)
Burnett & Williams, P.C.
13303 Midlothian Turnpike, Ste. A
Midlothian, VA  23113
(804) 794-0080
Fax:  (804) 794-0062
e-mail: jim@burnettwilliams.com

*Counsel for Plaintiff*

11390/1/3223647v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2010, a true and accurate copy of the Plaintiff's Memorandum in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to counsel of record.

_/s/ Lauren E. Davis_
Counsel

11